AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 18 2018

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
)   Case No. 18-mr-619
Use of a cell-site simulator to locate the cellular device )
assigned call number, 615-927-0420 )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ District of ___New Mexico___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☐ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1073 | Flight to avoid prosecution |
| North Carolina I 14-17 | Murder |

The application is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet. *from the end of the period of surveillance* ~SLY~

☑ Delayed notice of _30_ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Daniel Fondse, Special Agent - FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7/17/18

_____
Judge's signature

by Steve Yarbrough
*Printed name and title*
United States Magistrate Judge

City and state: Albuquerque, New Mexico

IN THE UNITED STATES DISTRICT COURT
FOR NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED CALL NUMBER [615-927-0420] | Case No. _____<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, **Daniel Fondse,** being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number 615-927-0420, (the "Target Cellular Device"), which is described in Attachment A.

2. I am a Special Agent of the Federal Bureau of Investigation (FBI), United States Department of Justice. I have been so employed since May 2017. I am therefore authorized to investigate federal criminal offenses. I am currently a member of the Violent Crimes Squad of the Albuquerque Division of the FBI. I have received on the job training from other experienced agents and detectives in the investigations of violent crimes. Prior to joining the FBI, I spent three years as a sworn law enforcement officer of the San Diego Police Department. My investigative training and experience includes, but is not limited to, conducting surveillance, interviewing subjects, victims, and witnesses, writing affidavits for and executing search and arrest warrants, managing cooperating sources, issuing subpoenas, collecting evidence, and

analyzing public records. I also received both Bachelor and Master of Science degrees in Mechanical Engineering.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. On June 30, 2018 at 1802 hours, law enforcement officers in North Carolina responded to an assault with a deadly weapon call for service. Responding officers arrived at the scene and located a male subject suffering from apparent gunshot wounds. The victim was transported to CMC-Main with life-threating injuries. The victim was pronounced deceased at the hospital by Dr. Andrew Godfrey at 1839 hours. From the eyewitness statement, the witness and victim were returning to their hotel room when they were approached by a black male and two black females. The male suspect brandished a firearm and demanded everything the victim had. When the victim began to reach into his pocket he was shot by the black male suspect. One of the two female suspects then searched the victim's pockets before they fled the area.

5. Detectives with the Charlotte-Mecklenburg Police Department Homicide Unit began investigating the incident and developed Jamaal Griffin as a suspect of this incident. Murder warrants were obtained for Griffin on July 4, 2018 and the Violent Criminal Apprehension Team was requested to locate them. Detectives attempted to locate Griffin using normal investigative methods but were unsuccessful.

6. During the investigation, Detectives learned that Griffin is currently eluding arrest with his girlfriend and the mother of his children, Jacqueline Grigg. Detectives spoke to known associates and family of both Griffin and Grigg and learned that on July 10, 2018 they were traveling together and Grigg is assisting Griffin to elude arrest. Grigg contacted a known associate using telephone number 615-927-0420 on July 12, 2018. It is this associate's belief that Grigg is still with Griffin at this time and is continuing to help him elude arrest.

7. One purpose of applying for this warrant is to determine with precision the Target Cellular Device's location. However, there is reason to believe the Target Cellular Device is currently located somewhere within this district. On July 16, 2018 law enforcement officers served a court order on Verizon Wireless to obtain cellular information from the Target Cellular Device. The results of this court order indicate the Target Cellular Device utilized a Cellular Tower located in Albuquerque, NM as recently as July 17, 2018. Historical Cellular information indicates the Target Cellular Device has been utilizing Cellular Towers in New Mexico for approximately the seven days prior to July 17, 2018. Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular Device outside the district provided the device is within the district when the warrant is issued.

8. Based on the facts set forth in this affidavit, there is probable cause to believe that Jamaal Griffin has violated the North Carolina statute, 14-17 - Murder. Jamaal Griffin was charged with these crimes on or about July 4, 2018 and is the subject of an arrest warrant issued on that date. There is also probable cause to believe that the Target Cellular Device's location will assist law enforcement in arresting Jamaal Griffin, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

9.      Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

## **PROBABLE CAUSE**

10.     During the investigation, law enforcement officers learned that Griffin eluded arrest with his girlfriend and the mother of his children, Jacqueline Grigg. Officers spoke to known associates and family of both Griffin and Grigg and learned that on July 10, 2018 they were traveling together and Grigg is assisting Griffin in eluding arrest. Grigg contacted a known associate using telephone number 615-927-0420 as recently as July 15, 2018. It was this associate's belief that Grigg was still with Griffin at this time and continued to help him elude arrest. Based on my training and experience, individuals typically retain cell phones on their person or in close vicinity to their person. Because Grigg and Griffin are thought to be travelling together, determining the location of the Target Cellular Device will also likely determine the location and facilitate the arrest of Griffin. Griffin is wanted for committing a violent murder with a firearm. The potential consequence of this crime is significant and Griffin's behavior indicates he is avoiding apprehension. Based on previous behavior, he may also be armed with a firearm. It may take a significant amount of time for law enforcement officers to determine a time and location to execute the arrest of Griffin in a manner which attempts to preserve the safety of all parties involved and the general public. Furthermore, in order to determine the

safest opportunity for arrest, law enforcement officers may need to monitor the Target Cellular device during all hours of the day or night.

## MANNER OF EXECUTION

11. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

12. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

13. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with

all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

## AUTHORIZATION REQUEST

14.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

15.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and [continue to] flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

16. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

17. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

18. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

_____
Daniel Fondse
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
On: 7/17/18

_____
UNITED STATES MAGISTRATE JUDGE

7

## **ATTACHMENT A**

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number 615-927-0420, whose wireless provider is Verizon Wireless, and whose listed subscriber is unknown.

## **ATTACHMENT B**

Pursuant to an investigation of Jamaal Griffin for a violation of North Carolina statute, 14-17 - Murder, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and
2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).